UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

WILLIE T. MARTIN,            )
                             )
           Plaintiff,        )
                             )
      v.                     )   No. 1:11-CV-181-LMB
                             )
TRINITY MARINE PRODUCTS, INC.,)
                             )
           Defendant.        )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Willie T. Martin for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiff has submitted his action on one of this Court's standard "Employment Discrimination Complaint" forms; however, he has failed to attach a copy of the Notice of Right to Sue Letter(s), which he claims he has received. As such, the Court does not have sufficient information to review his employment claim under 28 U.S.C. § 1915(e)(2)(B). Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file a copy of any Right to Sue letter(s) he has received relative to this case, as set forth below.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #4] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that, within thirty (30) days from the date of this Order, plaintiff shall submit to the Court a copy of the Notice of Right to Sue Letter(s) he has received relative to this action.

**IT IS FURTHER ORDERED** that upon receipt of the said Right to Sue letter(s), this action will be submitted to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a copy of his Right to Sue letter(s) within thirty (30) days from the date of this Order, the action will be dismissed, without prejudice.

Dated this 6th day of October, 2011.

*/s/ Lewis M. Blanton*
**UNITED STATES MAGISTRATE JUDGE**