UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

WILLIE T. MARTIN,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )          Case No. 1:11CV181 SNLJ
                                           )
TRINITY MARINE PRODUCTS, INC.,             )
                                           )
            Defendant.                     )

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's Motion for Appointment of Counsel, #2,

filed September 19, 2011.  This case was re-assigned to the undersigned on December 20, 2011.

Plaintiff's complaint alleges that defendant, his former employer, discriminated against him on

the bases of race, color, and gender.  On December 9, 2011, defendant filed a motion to dismiss

some of plaintiff's claims, to which plaintiff has not responded.

Title VII provides that a court may appoint counsel to represent a plaintiff under "such

circumstances as the court may deem just."  42 U.S.C. § 2000e–5(f)(1); *Maxwell v. Express*

*Scripts, Inc.*, 2012 WL 996651, *7 (E.D. Mo. March 22, 2012), *unpublished*. A civil litigant has

no constitutional or statutory right to court-appointed counsel, and the decision whether to

appoint counsel is within the Court's discretion.  *Nelson v. Redfield Lithograph Printing*, 728

F.2d 1003, 1004 (8th Cir.1984); *In re Steven Lane*, 801 F.2d 1040, 1042-44 (8th Cir.1986).  In

making its determination, the Court considers whether:

> (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a
> good-faith effort to retain an attorney, but has been unable to do so; (3) there is
> some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is
> such that the plaintiff and the court would benefit from the assistance of counsel.

*Maxwell*, 2012 WL 996651 at *7; *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir.1984);

*Nelson*, 728 F.2d at 1005.

Plaintiff's *pro forma* motion and affidavit state simply that he is "unable to pay a reasonable attorney fee" and that he has "made diligent efforts to obtain legal counsel" but has been unsuccessful "because of [his] poverty." Plf's Motion to Appoint Counsel, #2, p. 1. Although plaintiff has been granted *in forma pauperis* status, that does not necessarily mean that he cannot obtain legal counsel. Some attorneys who specialize in employment discrimination matters do so on a contingency-fee basis, which requires little or no initial payment, and plaintiff has not explained what efforts he has made to retain an attorney. Therefore, the Court finds that appointment of counsel is not warranted at this time and will deny plaintiff's motion without prejudice. *See Maxwell*, 2012 WL 996651 at *7. Further, should plaintiff require additional time to attempt to obtain legal counsel regarding defendant's partial motion to dismiss, the Court would be willing to consider an appropriate motion for extension of time to respond to defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel, #2, filed September 19, 2011, is **DENIED** without prejudice.

Dated this  3rd  day of April, 2012.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE